UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIELA RESENDEZ,<br><br>                Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.; THE KROGER CO. FOUNDATION; DOE EMPLOYEE; DOES II through V and ROE CORPORATIONS VI through X, inclusive,<br><br>                Defendants. | Case No. 2:14-cv-00201-APG-NJK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND REMANDING CASE TO STATE COURT**<br><br>(Dkt. Nos. 7, 17) |

        Plaintiff Gabriela Resendez filed a Motion to Remand (Dkt. No. 7) and a Motion to Amend/Correct Complaint. (Dkt. No. 17). For the reasons set forth below, the Court grants both motions.

**I.     Procedural Posture**

        This case arises from an alleged slip and fall accident that took place in July 2012 at a Smith's grocery store in Las Vegas, Nevada. Plaintiff filed her Complaint in Clark County District Court on January 13, 2014. [Dkt. No. 1-1.] In her Complaint, she named as Defendants Smith's Food & Drug Centers, Inc. ("Smith's"); The Kroger Co. Foundation;[1] Doe Employee; Does II through V; and Roe Corporations VI through X. [Dkt. No. 1.] Plaintiff alleged negligence; negligent hiring, training, supervision and retention; and respondeat superior. [Dkt. No. 1-1.]

        On February 6, 2014, Defendant Smith's Food & Drug Centers, Inc. ("Smith's") removed this case to federal court based on diversity. [Dkt. No. 1.] Smith's is an Ohio corporation with its principal place of business in Utah, and Plaintiff is a Nevada resident. On February 21, 2014,

---

[1] Plaintiff agreed to dismiss Defendant The Kroger Co. Foundation. [Dkt. No. 1.]

Plaintiff filed a Motion to Remand, arguing, among other things, that her naming of fictitious defendants destroyed diversity. [Dkt. No. 7.] Plaintiff is incorrect, as "doe" parties are ignored when analyzing diversity jurisdiction.

As a result of Smith's Initial Disclosures, Plaintiff learned from Smith's Supplemental Floor Inspection Statement that Ryan Overby was the employee responsible for inspecting and maintaining the area of the store where Plaintiff allegedly fell. [Dkt. No. 17 at p. 10.] Plaintiff's motion to amend her Complaint seeks to substitute Overby for "Doe Employee." [Dkt. No. 17.] The Supplemental Floor Inspection Statement indicates that Overby is a Nevada resident. [*Id.*] Plaintiff received the Supplemental Floor Inspection Statement 11 days before filing the instant motion to amend. [Dkt. No. 17.]

## II. Leave to Amend

Courts should freely grant leave to amend when "justice so requires."[2] In so determining, courts consider: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint."[3] "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."[4]

None of these factors precludes this Court from granting Plaintiff leave to amend her original Complaint. Plaintiff has not previously amended her original Complaint. Plaintiff only recently learned Doe Employee's name, and the original Complaint made clear she sought to identify him. Thus, leave to amend is clearly warranted.

## III. Lack of Subject Matter Jurisdiction

Although Plaintiff's motion to remand may not have been meritorious at the time it was filed, the subsequent addition of defendant Overby to this case destroys diversity. Federal courts

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Sisseton–Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, North Dakota and South Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

[4] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks omitted).

2

have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.[5] "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."[6] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[7]

Federal courts have jurisdiction over disputes between citizens of different states pursuant to 28 U.S.C. § 1332. However, complete diversity of the parties is required.[8] Because Overby is apparently a Nevada resident, his substitution destroys diversity, and this Court no longer has subject matter jurisdiction over this action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend/Correct Complaint [Dkt. No. 17] is GRANTED. Plaintiff is granted leave to amend her Complaint to substitute Ryan Overby for Defendant DOE EMPLOYEE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [Dkt. No. 7] is GRANTED. This case is REMANDED to the Eighth Judicial District Court, Clark County, Nevada.

DATED THIS 4th day of April, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."); *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by the court *sua sponte*).

[6] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[7] 28 U.S.C. § 1447(c); *see also Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)) ("[A] district court must remand if it lacks jurisdiction.").

[8] 28 U.S.C. § 1332(a) (diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).