**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GABRIELA RESENDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.; THE KROGER CO. FOUNDATION; DOE EMPLOYEE; DOES II through V AND ROE CORPORATIONS VI through X, inclusive<br><br>Defendants. | Case No. 2:14-cv-00201-APG-NJK<br><br>**ORDER DENYING RECONSIDERATION**<br><br>(Dkt. No. 22) |

I previously granted Plaintiff's Motion for Leave to Amend. Plaintiff amended her complaint and joined defendant Ryan Overby ("Overby") (a Nevada resident) to this action; I remanded this action back to state court based on a lack of subject matter jurisdiction. (Dkt. No. 20.) Defendant Smith's Food & Drug Centers, Inc. now asks me to reconsider my ruling that, pursuant to Fed. R. Civ. Pro. 15(a), Plaintiff may amend her complaint and join Overby, substituting for the previously captioned "Doe Employee." Smith's alleges 28 U.S.C. § 1447(e) contains the proper standard for when a Plaintiff seeks to join a diversity-destroying defendant. Because I reach the same conclusion under either analysis, any alleged error is harmless and I will therefore deny Smith's motion.

**I.    LEGAL STANDARD**

A party may amend a pleading once "as a matter of course" within the time constraints set forth in Rule 15(a)(1) of the Federal Rules of Civil Procedure. After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed.R.Civ.P. Rule 15(a)(2). The court should grant leave "when justice so requires." *Id.* However, after a case has been removed to federal court, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the district

court has discretion to deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998). The Ninth Circuit, in *Yniques v. Cabral*, explained:

> Section 1447(e) and Rule 19 *in combination* expand the district court's options for dealing with an attempt to join a necessary, non-diverse party where the case has been removed to federal court. The court may: (1) deem the party "indispensable" and dismiss the case; (2) deem the party not indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court.

985 F.2d 1031, 1035 (9th Cir. 1993) (emphasis in original).

In exercising its discretion whether to permit joinder pursuant to § 1147(e), the court considers the following factors: "(1) the extent to which the joinder of a nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; (4) any other factors bearing on the equities." *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024, 1027 (D.Nev.1996).

## II.  ANALYSIS

At the outset, I note "the 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). I will now consider the factors as outlined above.

First, there is no indication that Plaintiff sought to add Overby merely to defeat jurisdiction, thereby resulting in a fraudulent joinder of a sham defendant. Plaintiff only recently learned the Doe Employee's name, and the caption of the original complaint made clear she sought to identify him. If Plaintiff had Overby's name at the time she filed her lawsuit, she would have included him in the caption of the original complaint. Moreover, as a practical matter, plaintiffs typically name as many defendants as legally possible in order to pursue as many theories of liability as possible. Here, Plaintiff did precisely that by naming a Doe Employee in her original complaint. Given that Overby admittedly inspected and cleaned up in the area approximately 20 minutes before the alleged slip and fall, I cannot conclude that Plaintiff sought

to join him fraudulently, as he could be liable to Plaintiff for negligence on a direct basis. Moreover, Smith's previously denied that Overby was acting within the course or scope of his employment, thereby undermining its assertions that Overby is not necessary for just adjudication and that Plaintiff will not be prejudiced if joinder is denied. (Dkt. No. 10.) I will not permit Defendant to alter its litigation position in an effort to form subject matter jurisdiction where there otherwise would not be. Moreover, I will not deny Plaintiff the opportunity to pursue any direct claims against Overby.

Second, I cannot conclude that Plaintiff was dilatory in her request for amendment. Here, Defendants made their initial disclosures on March 20, 2014, which revealed that Overby was the employee charged with cleaning the area where the alleged slip and fall took place. Plaintiff moved to amend on April 2, 2014, a mere 13 days later. In light of the foregoing, I cannot conclude that amendment was dilatory.

Third, I acknowledge that Plaintiff likely would not be significantly injured if I denied amendment, therefore this factor undoubtedly weighs in favor of the Defendant. There is no indication that Smith's would not be able to satisfy a judgment in favor of the Plaintiff and will likely satisfy any judgment based on a respondeat superior theory of liability. Moreover, Overby would still be available by subpoena to testify.

Finally, I find that the fourth factor—"any other factors bearing on the equities"—weighs in favor of the Plaintiff. Had Plaintiff named Overby in her original complaint, and presumably she would have, there would have been no basis for removal. If that was the case and Smith's sought to remove this action, the burden would be on it to show that Overby was a sham defendant. It would be fundamentally unfair to allow Defendants to withhold the names of the employee responsible in an attempt to subvert this court's jurisdiction. In effect, Defendants are requesting that I shift the burden to the Plaintiff to show that Overby is *not* a sham defendant— and I will not do so. In light of the foregoing, I deny Defendants' motion for reconsideration.

////

////

### III. CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion for reconsideration (Dkt. No. 22) is DENIED.

DATED THIS 2nd day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE